**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

NIOVER CASTILLO VALDES,                    Case No.: 1:24cv22154

      Plaintiff,

      vs.

MIDLAND CREDIT MANAGEMENT, INC.,
WELLS FARGO BANK, N.A., and CAPITAL
ONE BANK (USA), N.A. EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC and EQUIFAX
INFORMATION SERVICES, INC.

      Defendants.

_____/

**COMPLAINT**
**JURY DEMAND**

1.     Plaintiff, NIOVER CASTILLO VALDES ("Plaintiff") by and through the undersigned counsel hereby brings this action against Defendants MIDLAND CREDIT MANAGEMENT, INC., WELLS FARGO BANK, N.A., CAPITAL ONE BANK (USA) N.A., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES, INC., for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA") and as grounds thereof would allege as follows:

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.     Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Miami-Dade County, Florida.

## PARTIES

4.     Plaintiff is a natural person who, at all times relevant to this action was a resident of Miami-Dade County, Florida.

5.     Defendant, MIDLAND CREDIT MANAGEMENT, Inc. ("MCM") is a California corporation, conducting business within the state of Florida with sufficient minimum contacts such that personal jurisdiction is established.

6.     MCM's registered agent for service of process in the state of Florida is Midland Funding LLC, located at 13008 TELECOM DRIVE, SUITE 350 TAMPA, FL 33637.

7.     MCM uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to Consumer Reporting Agencies. Trans Union, Equifax, and Experian shall be collectively referred to as the "Credit Reporting Agencies" or the "CRAs."

8.     These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which has effects on consumers and their credit reports within the state of Florida.

9.     Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo") is a California corporation, conducting business within the state of Florida with sufficient minimum contacts such that personal jurisdiction is established.

10.     Wells Fargo's registered agent for service of process in the state of Florida is Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301.

11.     Wells Fargo uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to Consumer Reporting Agencies.

12.     These instrumentalities of interstate commerce are largely electronic, written, or telephonic communications which has effects on consumers and their credit reports within the state of Florida.

13.     Defendant Capital One is a Delaware corporation with a place of business at 1680 Capital One Drive, McLean, Virginia 22102, with minimum contacts within the state of Florida by way of offering consumer credit cards to its customers, including Plaintiff.

14.     Capital One maintains a registered agent in Florida on Corporation Service Company 1201 Hays Street Tallahassee, FL 32301-2525.

15.     Capital One uses instrumentalities of interstate commerce for the purpose of furnishing information on specific trade accounts to Consumer Reporting Agencies.

16.     These instrumentalities of interstate commerce are largely electronic or telephonic communications which has effects on consumers account balances and their credit files within the state of Florida.

17.     Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

18.     Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

19.     Defendant, Equifax Information Services, LLC is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

20.     MCM, Wells Fargo, Capital One, Experian, Equifax and Trans Union shall be collectively referred to as the "Defendants."

## FACTUAL ALLEGATIONS

21.     On July 17, 2023 Plaintiff filed a Chapter 7 Petition for Bankruptcy in the United States District Court for the Southern District of Florida, Case No. 23-15538-LMI (the "Petition").

22.     The Petition included an unsecured debt Plaintiff had with MCM on the Schedule E/F portion.

23.     Similarly, the Petition also had an unsecured debt Plaintiff had with Wells Fargo, which was also listed on Schedule E/F. *See* Id.

24.     As it relates to Capital One, the Petition listed Plaintiff's previous account with Capital One. *See* Id.

25.     On October 22, 2023 Plaintiff received an order of discharge in connection with his Petition under 11 U.S.C. §727 ("Discharge"). Plaintiff's Discharge is attached as part of Composite Exhibit "A."

26.     After his Discharge, Plaintiff reviewed his available credit reports from the CRAs and noticed several accounts were reporting inaccurately, including the account with MCM.

27.     The MCM account was being reported as having a balance of $2,799, which was charged-off, and in collections despite the fact that this debt was listed on his Petition and was subject to his Discharge.

28.     The Wells Fargo account was also being reported inaccurately with a charged-off balance of $3, 532 despite the account being listed on Plaintiff's Petition and later discharged.

29.     The Capital One account was inaccurate as well with a charged-off balance of $4,284 despite the account being listed on Plaintiff's Petition and later discharged.

30.     On or about December 26, 2023 Plaintiff tried to correct the information on the MCM, Wells Fargo, and Capital One accounts by sending a written dispute letter with his Discharge and the Certificate of Service attached ("Initial Dispute"). A true and correct copy of the Initial Dispute is attached as part of Composite Exhibit "A."

31.     The Certificate of Service shows MCM, Wells Fargo, and Capital One were served with the Discharge. *See* Exhibit "A."

32.     After the Initial Dispute, Plaintiff received results the following month and noticed the accounts for MCM, Wells Fargo, and Capital One were still reporting a balance and no mention of the debt being discharged.

33.     After receiving the reinvestigation results, Plaintiff sent a second dispute to the CRAs, which was forwarded to MCM, Wells Fargo, and Capital One on or about April 24, 2024 ("Second Dispute".) A copy of the Second Dispute is attached as Exhibit "B."

34.     The Second Dispute reiterated Plaintiff's Initial Dispute and reattached the relevant documents to show the accounts from MCM, Wells Fargo, and Capital One should have been marked as discharged on all his credit reports.

35.     Despite Plaintiff's collective disputes to the CRAs the MCM account still shows a charged-off balance of $2,799 with no mention of a bankruptcy discharge. Plaintiff did not receive results from the CRAs regarding the MCM account after the Second Dispute.

36.     MCM and the CRAs have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("MCM Inaccurate Information") after being put on notice of such inaccuracies in written disputes.

37.     Upon receiving the Initial Dispute, Experian relayed that correspondence to MCM, who failed to conduct a reasonable investigation, and then furnished the MCM Inaccurate Information to Experian.

38.     Upon receiving the Second Dispute, Experian repeated the process of relaying that correspondence to MCM who failed to conduct a reasonable investigation, and then furnished inaccurate information to Experian.

39.     Upon receiving the Initial Dispute, Trans Union relayed that correspondence to MCM, who failed to conduct a reasonable investigation, and then furnished inaccurate information to Trans Union.

40.     Upon receiving the Second Dispute, Trans Union repeated the process of relaying that correspondence to MCM who failed to conduct a reasonable investigation, and then furnished inaccurate information to Trans Union.

41.     Upon receiving the Initial Dispute, Equifax relayed that correspondence to MCM, who failed to conduct a reasonable investigation, and then furnished inaccurate information to Equifax.

42.     Upon receiving the Second Dispute, Equifax repeated the process of relaying that correspondence to MCM who failed to conduct a reasonable investigation, and then furnished inaccurate information to Equifax. Equifax responded by asking Plaintiff send in identifying documents when he had already sent that information twice.

43.     Despite Plaintiff's collective disputes, MCM and the CRAs continued to report the Inaccurate Information and did not include any information relating to Plaintiff's Petition or Discharge in relation to the MCM account.

44.     Wells Fargo and the CRAs have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("Wells Fargo Inaccurate Information") after being put on notice of such inaccuracies in written disputes.

45.     Upon receiving the Initial Dispute, Experian relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Experian.

46.     Upon receiving the Second Dispute, Experian relayed that correspondence to Wells Fargo who responded by noting the account and not reporting a balance.

47.     Upon receiving the Initial Dispute, Trans Union relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Trans Union.

48.     Upon receiving the Second Dispute, Trans Union relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Trans Union.

49.     Upon receiving the Initial Dispute, Equifax relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Equifax.

50.     Upon receiving the Second Dispute, Equifax relayed that correspondence to Wells Fargo who failed to conduct a reasonable investigation, and then furnished the Wells Fargo Inaccurate Information to Equifax. Equifax responded by asking Plaintiff send in identifying documents when he had already sent that information twice.

51.     Despite Plaintiff's collective disputes, Wells Fargo alongside Trans Union and Equifax continued to report the Wells Fargo Inaccurate Information and did not include any information relating to Plaintiff's Petition or Discharge in relation to the Wells Fargo account.

52.     Capital One and the CRAs have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("Capital One Inaccurate Information") after being put on notice of such inaccuracies in written disputes.

53.     Upon receiving the Initial Dispute, Experian relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Experian.

54.     Upon receiving the Second Dispute, Experian relayed that correspondence to Capital One who responded by noting the account and not reporting a balance.

55.     Upon receiving the Initial Dispute, Trans Union relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Trans Union.

56.     Upon receiving the Second Dispute, Trans Union relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Trans Union.

57.     Upon receiving the Initial Dispute, Equifax relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Equifax.

58.     Upon receiving the Second Dispute, Equifax relayed that correspondence to Capital One who failed to conduct a reasonable investigation, and then furnished the Capital One Inaccurate Information to Equifax. Equifax responded by asking Plaintiff send in identifying documents when he had already sent that information twice.

59.     Despite Plaintiff's collective disputes, Trans Union and Equifax continued to report the Inaccurate Information and did not include any information relating to Plaintiff's Petition or Discharge in relation to the MCM, Wells Fargo, or Capital One accounts. Experian failed to provide

any results regarding the MCM account after either dispute, but corrected its reporting on the Wells Fargo and Capital One accounts after the Second Dispute. The available responses from the CRAs after the Second Dispute are attached as Composite Exhibit "C."

60.     Since the collective disputes have been sent to all Defendants, the Inaccurate Information regarding the accounts for MCM, Wells Fargo, and Capital One have been published to third parties when Plaintiff has applied for credit.

61.     These applications have either resulted in one or more denials of credit, or has affected Plaintiff's application(s) by providing an increased interest rate based on a reduced credit score.

62.     Plaintiff now brings this action so his credit reports can accurately reflect his creditworthiness in future applications regarding the MCM, Wells Fargo, and Capital One accounts and to address harms that have already occurred despite his attempts to correct inaccuracies.

## COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b)
## AGAINST MCM FOR INITIAL DISPUTE

63.     Plaintiff incorporates by reference his allegations in Paragraphs 1 – 8, 20 – 22, 25 – 37, 30 – 43, and 59 – 62 above.

64.     MCM is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

65.     MCM violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Initial Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, MCM violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account MCM reported.

66.     As a result of MCM's violations of the FCRA, Plaintiff suffered mental and

emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

67.     MCM negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

68.     Plaintiff is entitled to an award of prevail party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against MCM in the form of actual damages, statutory damages, punitive damages, Attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II – VIOLATION OF 15 U.S.C. §1681s-2(b)
### AGAINST MCM FOR SECOND DISPUTE

69.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 8, 20 -22, 25 – 37, 30 – 43, and 59 – 62.

70.     MCM is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

71.     MCM violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Second Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, MCM violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account MCM reported.

72.     As a result of MCM's violations of the FCRA, Plaintiff suffered mental and

emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

73.     MCM negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

74.     Plaintiff is entitled to an award of prevail party attorney's fees pursuant to 15 U.S.C. §1681.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against MCM in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT III – VIOLATIONS OF 15 U.S.C. §1681s-2(b) AGAINST WELLS FARGO FOR INITIAL DISPUTE

75.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 9 – 12, 20, 21, 23, 25, 28, 30, 31, 33, 34, 44 – 51, and 54 – 62.

76.     Wells Fargo is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

77.     Wells Fargo violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Initial Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, Wells Fargo violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account Wells Fargo reported.

78.     As a result of Wells Fargo's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Wells Fargo in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT IV - VIOLATIONS OF 15 U.S.C. §1681s-2(b) AGAINST WELLS FARGO FOR SECOND DISPUTE

79.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 9 – 12, 20, 21, 23, 25, 28, 30, 31, 33, 34, 44 – 51, and 54 – 62.

80.     Wells Fargo is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

81.     Wells Fargo violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Second Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, Wells Fargo violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account Wells Fargo reported.

82.     As a result of Wells Fargo's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from

credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief Against Wells Fargo in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

**COUNT V – VIOLATION OF 15 U.S.C. §1681s-2(b)
AGAINST CAPITAL ONE FOR INTIAL DISPUTE**

83.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 13 – 16, 20, 24, 25, 29 – 34, and 52 – 62.

84.     Capital One is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

85.     Capital One violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Initial Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, Capital One violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account Capital One reported.

86.     Because of Capital One's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief Against Capital One in the form of actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

<u>**COUNT VI – VIOLATION OF 15 U.S.C. §1681s-2(b)**</u>
<u>**AGAINST CAPITAL ONE FOR SECOND DISPUTE**</u>

87.     Plaintiff incorporates by reference the allegations in 1 – 4, 13 – 16, 20, 24, 25, 29 – 34, and 52 – 62.

88.     Capital One is a furnisher under the FCRA because it provides information concerning consumers to credit reporting agencies.

89.     Capital One violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's Second Dispute when it failed to review all relevant information regarding the alleged debt included in the Petition and Discharge. Additionally, Capital One violated §1681s-2(b) by failing to accurately respond Plaintiff's dispute forwarded by the CRAs concerning the account Capital One reported.

90.     Because of Capital One's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Capital One in the form of actual damages, statutory damages, punitive damages, attorneys' fees,

litigation expenses and costs, interest as permitted by law, and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT VII – VIOLATIONS OF 15 U.S.C. 1681i
### (AGAINST EXPERIAN FOR BOTH DISPUTES FORWARDED TO MCM)

91.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 17, 20 – 38, 44 – 46, 51 – 54, and 59 - 62.

92.     At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

93.     At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

94.     During the relevant time frame, Experian received Plaintiff's Initial Dispute regarding the accuracy of the account reported by MCM on Plaintiff's credit report.

95.     Additionally, Experian received Plaintiff's Second Dispute regarding the accuracy of the account reported by MCM on Plaintiff's credit report.

96.     Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

97.     Experian unreasonably relied on information provided by MCM, when readily verifiable information that Plaintiff provided in his disputes placed Experian on notice that MCM's information was inaccurate.

98.     As a result of Experian's violation of the FCRA, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT VIII – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN FOR BOTH DISPUTES FORWARDED TO WELLS FARGO

99.     Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 17, 20, 21, 23, 25, 28, 30, 31, 33, 34, 44 – 51, and 54 – 62.

100.    At all times relevant hereto, Experian was and is a "consumer reporting agency" as provided for under the FCRA.

101.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

102.    During the relevant time frame, Experian received Plaintiff's Initial Dispute regarding the accuracy of the account reported by Wells Fargo on Plaintiff's credit report.

103.    Additionally, Experian received Plaintiff's Second Dispute regarding the accuracy of the account reported by Wells Fargo on Plaintiff's credit report.

104.    Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

105.    Experian unreasonably relied on information provided by Wells Fargo when readily verifiable information that Plaintiff provided in his disputes placed Experian on notice that Wells Fargo's information was inaccurate.

106.    As a result of Experian's violations of the FCRA, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IX – VIOLATIONS OF 15 U.S.C. §1681i AGAINST EXPERIAN FOR BOTH DISPUTES FORWARDED TO CAPITAL ONE

107.    Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 17, 20, 21, 23, 25, 28, 30, 31, 33, 34, 44 – 51, and 54 – 62.

108.    At all times relevant hereto, Experian was and is a "consumer reporting agency" as provided by the FCRA.

109.    At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

110.    During the relevant time frame, Experian received Plaintiff's Initial Dispute regarding the accuracy of the account reported by Capital One.

111.    Additionally, Experian received Plaintiff's Second Dispute regarding the accuracy of the account reported by Capital One.

112.    Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

113.    Experian unreasonably relied on information provided by Capital One when readily verifiable information that Plaintiff provided in his disputes placed Experian on notice that Capital One's information was inaccurate.

114.    As a result of Experian's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT X – VIOLATIONS OF 15 U.S.C §1681e(b) AGAINST EXPERIAN

115.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 17, 20, 21, 23, 25, 28, 30, 31, 33, 34, 44 – 51, and 54 – 62.

116.   At all times relevant hereto, Experian is and was a "consumer reporting agency" as defined by the FCRA.

117.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

118.   Following Plaintiff's disputes, Experian was on notice of inaccuracies within Plaintiff's' credit file concerning the MCM, Wells Fargo, and Capital One accounts. However, Experian's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

119.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

120.   Any users of credit reports that viewed credit information containing the MCM, account were sent Inaccurate Information concerning Plaintiff.

121.   Any users of credit reports that viewed credit information containing the Wells Fargo account were sent Inaccurate Information concerning Plaintiff.

122.   Any users of credit reports that viewed credit information containing the Capital One account were sent Inaccurate Information regarding Plaintiff.

123.   As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XI – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST TRANS UNION FOR BOTH DISPUTES TO MCM

124.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 18, 20 – 22, 25 – 27, 30 – 36, 39, 40, 43, and 59 – 62.

125.   At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

126.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

127.   During the relevant time frame, Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the account reported by MCM.

128.   Additionally, Trans Union received Plaintiff's Second Dispute regarding the accuracy of the account reported by MCM.

129.   Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

130.   Trans Union unreasonably relied on information provided by MCM when readily

verifiable information that Plaintiff provided in his disputes placed Trans Union on notice that MCM's information was inaccurate.

131.   Because of Trans Union's FCRA violations, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XII - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST TRANS UNION FOR BOTH DISPUTES TO WELLS FARGO

132.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 18, 20, 21, 23, 25, 28, 30 – 34, 39, 40, 44, and 59 – 62.

133.   At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as defined by the FCRA.

134.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

135.   During the relevant time frame, Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the account reported by Wells Fargo.

136.   Additionally, Trans Union received Plaintiff's Second Dispute regarding the accuracy of the account reported by Wells Fargo.

137. Wells Fargo violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

138. Trans Union unreasonably relied on information provided by Wells Fargo when readily verifiable information that Plaintiff provided in his disputes placed Trans Union on notice that Wells Fargo's information was inaccurate.

139. Because of Trans Union's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XIII - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST TRANS UNION FOR BOTH DISPUTES TO CAPITAL ONE

140. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 18, 20, 21, 24, 25, 29 – 34, 52, 55, 56, and 59 – 62.

141. During the relevant time frame, Trans Union was and is a "consumer reporting agency as defined by the FCRA.

142. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

143. Trans Union received Plaintiff's Initial Dispute regarding the accuracy of the account reported by Capital One.

144.   Additionally, Trans Union received Plaintiff's Second Dispute regarding the accuracy of the account reported by Capital One.

145.   Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

146.   Trans Union unreasonably relied on information provided by Capital One when readily verifiable information that Plaintiff provided in his disputes placed Trans Union on notice that Capital One's information was inaccurate.

147.   Because of Trans Union's FCRA violations, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT  – VIOLATIONS OF 15 U.S.C. §1681e(b)
## AGAINST TRANS UNION

148.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 18, 20 – 36, 39, 40, 43, 44, 47, 48, 51, 52, 55, 56, and 59 – 62.

149.   During the relevant time frame, Trans Union was and is a "consumer reporting agency as defined by the FCRA.

150.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

151.   Following Plaintiff's disputes, Trans Union was on notice of inaccuracies within Plaintiff's credit file regarding the MCM, Wells Fargo, and Capital One accounts. However, Trans Union's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

152.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

153.   Any users of credit reports that viewed credit information containing the MCM, account were sent Inaccurate Information concerning Plaintiff.

154.   Any users of credit reports that viewed credit information containing the Wells Fargo account were sent Inaccurate Information concerning Plaintiff.

155.   Any users of credit reports that viewed credit information containing the Capital One account were sent Inaccurate Information regarding Plaintiff.

156.   Because of Trans Union's FCRA violations, Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XIII – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX FOR BOTH TO DISPUTES TO MCM

157.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 19 – 22, 25 – 27, 30 – 36, 41 – 43, and 59 – 62.

158.   During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

159.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

160.   Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by MCM.

161.   Additionally, Equifax received Plaintiff's Second Dispute regarding the accuracy of the account reported by MCM.

162.   Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

163.   Equifax unreasonably relied on MCM when readily verifiable information that Plaintiff provided in his disputes placed Equifax on notice that MCM's information was inaccurate.

164.   Because of Equifax's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XIV - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX FOR BOTH DISPUTES TO WELLS FARGO

165.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 19 – 21, 23,

28, 30 – 34, 44, 49 – 51, and 59 – 62.

166.   During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

167.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

168.   Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by Wells Fargo.

169.   Additionally, Equifax received Plaintiff's Second Dispute regarding the accuracy of the account reported by Wells Fargo.

170.   Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

171.   Equifax unreasonably relied on Wells Fargo when readily verifiable information that Plaintiff provided in his disputes placed Equifax on notice that Wells Fargo's information was inaccurate.

172.   Because of Equifax's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT XV - VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EQUIFAX FOR BOTH DISPUTES TO CAPITAL ONE

173.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 19 – 21, 24, 30 – 34, 52, and 57 – 62.

174.   During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

175.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

176.   Equifax received Plaintiff's Initial Dispute regarding the accuracy of the account reported by  Capital One.

177.   Additionally, Equifax received Plaintiff's Second Dispute regarding the accuracy of the account reported by Capital One.

178.   Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

179.   Equifax unreasonably relied on Capital One when readily verifiable information that Plaintiff provided in his dispute placed Equifax on notice that Capital One's information was inaccurate.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

**COUNT XIV – VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST EQUIFAX**

180.   Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 19 – 36, 41 – 44, 49 – 52, and 57 – 62.

181.   During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

182.   At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

183.   Equifax was on notice of inaccuracies within Plaintiff's' credit file concerning the MCM, Wells Fargo, and Capital One accounts. However, Equifax's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

184.   Any users of credit reports that viewed credit information containing the MCM, account were sent Inaccurate Information concerning Plaintiff.

185.   Any users of credit reports that viewed credit information containing the Wells Fargo account were sent Inaccurate Information concerning Plaintiff.

186.   Any users of credit reports that viewed credit information containing the Capital One account were sent Inaccurate Information regarding Plaintiff.

187.   Because of Equifax's FCRA violations Plaintiff suffered the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## JURY DEMAND

188.   Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorneys for Plaintiff*